UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENESHA LATTIMORE,  )<br>*on behalf of President*  )<br>*Joe Biden and the American People*,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CHUCK GRAY, et al.,  )<br>  )<br>Defendants.  )  | Civil Action No. 24-cv-03347 (UNA) |

### Memorandum Opinion

Plaintiff has filed a *pro se* petition for writ of mandamus and an application for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. The Court grants Plaintiff's IFP application. For the reasons below, the Court dismisses this action for failure to state a claim and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

Plaintiff sues 55 state officials and entities and attempts to bring this action as a relator on behalf of President Biden and "the American People." ECF No. 1. Plaintiff states that she has filed suit to "address the violation of the People's 1st Amendment Right to Freedom of Political Expression that arises out of the People's Right to Peacefully Assemble." *Id.* at 5. She appears to allege, among other things, that Republicans and Democrats conspired to manipulate the 2024 U.S. presidential election and that both parties "conspired with Ohio to perpetuate the [a]bduction of Presidential Candidate Kenesha Lattimore['s] son under the color of law." *Id.* at 6. The remainder of the petition seems to allege a widespread conspiracy against Plaintiff and discusses her attempts to run for U.S. President; her previous unlawful arrests and incarceration; false claims made against Plaintiff by two Walmart employees; custody disputes and investigations; and various

other topics. *Id.* at 6–10. Plaintiff demands a writ of mandamus placing her on presidential ballots, counting her write-in votes, and releasing her son back into her custody. *Id.* at 11.

To the extent Plaintiff seeks to bring claims as a relator under the False Claims Act, it is well established that "*pro se* parties may not pursue these actions on behalf of the United States." *Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015); *see also, e.g.*, *Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 170 (D.D.C. 2015) (collecting cases and noting that "courts in this jurisdiction consistently have held that *pro se* plaintiffs . . . are not adequately able to represent the interests of the United States"). Consequently, Plaintiff cannot pursue claims on behalf of the United States without counsel.

Aside from that issue, a writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "Mandamus may be granted only if (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014) (internal quotation marks and citation omitted). Although Plaintiff recites these elements, she fails to address how any of them are satisfied and thus fails to state a claim for relief. *See* ECF No. 1 at 10.

Finally, Plaintiff's claims are frivolous, and the court cannot exercise subject matter jurisdiction over a frivolous matter. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open

to discussion." (internal quotation marks and citation omitted)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (collecting cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins"). A court is obligated to dismiss a matter as frivolous when, as here, "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Accordingly, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   February 3, 2025                    /s/_____
                                             AMIR H. ALI
                                             *United States District Judge*